UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HAROLD JEAN-BAPTISTE**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF JUSTICE**, *et al.*, <br><br> Defendants. | Case No. 1:23-cv-02669 (TNM) |

**MEMORANDUM OPINION**

Harold Jean-Baptiste sues the Department of Justice, the Federal Bureau of Investigation, the head of each, and the Civil Process Clerk for the U.S. Attorney's Office for the District of Columbia. He has done this before. *E.g.*, *Jean-Baptiste v. U.S. Dep't of Just.* (*Jean-Baptiste I*), No. 23-cv-02298, 2023 WL 8600569 (D.D.C. Dec. 12, 2023); *Jean-Baptiste v. U.S. Dep't of Just.* (*Jean-Baptiste II*), No. 23-cv-02968, 2024 WL 262794 (D.D.C. Jan. 24, 2024). For largely the same reasons as before, the Court will again dismiss Jean-Baptiste's Complaint.

**I.**

The Court briefly recounts Jean-Baptiste's factual allegations here. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). They are substantially similar to those in *Jean-Baptiste I*.

Jean-Baptiste tells of a vast government conspiracy to kidnap him from a New York hospital for reasons unknown. He alleges that, in August 2023, he visited the Long Island Jewish Hospital in Valley Stream, New York. Compl. ¶ 6, ECF No. 1. For reasons left unexplained, he left the hospital at 3:45 a.m. *Id*. At that time, he claims "an FBI team" outside the hospital "attempted to execute a kidnapping." *Id*. To do so, an "FBI Special Agent" told a hospital security guard to "leave the security post" so that "the plaintiff can [*sic*] be alone outside

in the back of the emergency room building with no witness." *Id*. While this was going on, "a black female and black male FBI Agents [*sic*]" were "standing outside . . . and waiting for plaintiff to come outside." *Id*.

As Jean-Baptiste tells it, the plot was foiled because he "noticed a [F]ord white van" outside "the back of the emergency room entrance driving slowly" in the hope that "the plaintiff would be standing outside to pull him in the van." Compl. ¶ 1. When Jean-Baptiste noticed the van, he took refuge inside the emergency room, and refused to leave "until his brother . . . came with the car to pick him up." *Id*. Jean-Baptiste also alleges that both he and the FBI agents were approached by local law enforcement and hospital security guards during this time. *Id*.

As before,

> [t]he rest of his Complaint comprises various ad hominem attacks on individuals he thinks conspired against him. See Compl. ¶ 10 (deploring the "monovalent, [*sic*] cruel actions" of the alleged agents); *id*. (calling the alleged agents "psychopath[ic]" and filled with "pure evil or rage"); *id*. (describing the alleged agents as "child of the [*sic*] Lucifer," claiming that "calling this FBI Special Agent In Charge an animal would be an insult to the animal kingdom," and stating that "this FBI Special Agent In Charge must not be a human," among other things).

*Jean-Baptiste II*, 2024 WL 262794, at *1.

From these facts, Jean-Baptiste claims that the Defendants are liable under 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986; 18 U.S.C. § 241; the Ninth Amendment; the common law of negligence; and "cruel and human rights violations." Compl. ¶ 11.

## II.

Jean-Baptiste's claims are nearly identical to those already addressed by the Court in *Jean-Baptiste I*. So the Court's analysis follows suit. Even affording Jean-Baptiste the special solicitude *pro se* plaintiffs receive, *see Yellen v. U.S. Bank, Nat'l Ass'n*, 301 F. Supp. 3d 43, 47 (D.D.C. 2018) (describing more lenient standards), his claims again fail.

> Start with Jean-Baptiste's civil rights claims:
>
> Neither 42 U.S.C. § 1981 nor § 1983 applies to the federal government or federal officers. *See Davis v. U.S. Dep't of Just.*, 204 F.3d 723, 725 (7th Cir. 2000) ("[B]y its language, § 1981 does not apply to actions taken under color of federal law."); *Bundy v. Sessions*, 387 F. Supp. 3d 121, 127 (D.D.C. 2019) ("Section 1983 does not apply to federal officials acting under color of federal law."), *aff'd*, 812 F. App'x. 1 (D.C. Cir. 2020). More, the Government and its officers are absolutely immune from suit under § 1985. *See Roum v. Bush*, 461 F. Supp. 2d 40, 46 (D.D.C. 2006). And a § 1986 claim requires a predicate § 1985 offense. *See* 42 U.S.C. § 1986. So the failure of Jean-Baptiste's § 1985(3) claim dooms his § 1986 claim.

*Jean-Baptiste I,* 2023 WL 8600569, at *1.

> Now his criminal and constitutional claims:
>
> First, the § 241 claim fails because private parties lack both standing and a cause of action to enforce the criminal law. *United States v. Texas*, 599 U.S. 670, 677 (2023) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Nor is there a private cause of action to enforce the Ninth Amendment. *See Bond v. United States*, 564 U.S. 211, 218 (2011).

*Jean-Baptiste I,* 2023 WL 8600569, at *2.

> Next, his negligence claim:
>
> This fails because Jean-Baptiste has not alleged any breach of a duty of care that he was owed. If anything, he alleged intentional conduct, not negligence. Moreover, Jean-Baptiste alleges that Government agents torted him by attempting to kidnap him. But attempted kidnap is not a tort. Indeed, American law seldom recognizes inchoate torts. *Cenco Inc. v. Seidman & Seidman*, 686 F.2d 449, 457 (7th Cir. 1982) ("Because[] . . . there is no concept of an inchoate tort, wrongdoing that has no impact is not tortious.").
>
> And [m]ore fundamentally, Jean-Baptiste lacks standing to levy such a claim in federal court. For a plaintiff to sue in federal court, he must have suffered a "concrete and particularized" injury that is "actual or imminent." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). But Jean-Baptiste suffered no injury.

*Jean-Baptiste II*, 2024 WL 262794, at *2 (cleaned up).

He alleges that federal agents stood outside a hospital to kidnap him, and that an accomplice of theirs drove up in a van to whisk him away. Compl. ¶ 6. But he admits that the

agents did not follow through. *Id*. Indeed, on Jean-Baptiste's own facts, nothing actually happened to him, because he waited inside for his brother to pick him up. *Id*. "He suffered no physical, financial, stigmatic, or emotional harm because of this—literally—drive-by encounter. Since he suffered no injury, he lacks standing. So this claim, too, must be dismissed." *Jean-Baptiste I*, 2023 WL 8600569, at *2.

Finally, his "cruel and human rights violations" claim fails because it does not identify any substantive legal basis for liability. *Jean-Baptiste I*, 2023 WL 8600569, at *2.

These are grounds both to dismiss Jean-Baptiste's Complaint on the merits, Fed. R. Civ. P. 12(b)(6), *and* to dismiss for lack of jurisdiction, Fed. R. Civ. P. 12(b)(1). *Accord Jean-Baptiste I*, 2023 WL 8600569, at *2–3 & n.1. The D.C. Circuit has explained that complaints founded on "bizarre conspiracy theories" qualify as the kind of "wholly insubstantial" and "obviously frivolous" complaints over which a federal court lacks jurisdiction. *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994); *Hagans v. Lavine*, 415 U.S. 528, 537–38 (1974).

Jean-Baptiste's Complaint fits the bill. It alleges a vast government conspiracy directed against him for reasons unknown. This is essentially no different from his previous fantastical claims, which the Court already dismissed as "fanciful" and "implausible." *Jean-Baptiste I*, 2023 WL 8600569, at *3. So the Court lacks jurisdiction over Jean-Baptiste's Complaint, and will dismiss it. *See* Fed. R. Civ. P. 12(h)(3).

A separate order will issue today.

Dated: February 9, 2024                                         TREVOR N. McFADDEN, U.S.D.J.